## FRITZE, LUNDT, & COMPANY, SUCCESSORS,

*v.*

## ESPERANZA CENTRAL SUGAR COMPANY,

and

## WILLIAMSBURG TRUST COMPANY·

*v.*

## ESPERANZA CENTRAL SUGAR COMPANY.

(Claim of J. A. Pietsch.)

---

Equity, No. 503.

A person who advances money to be used to pay the wages of employees of a concern that afterwards goes into the hands of a receiver is not, in the absence of any contract taking it out of the ordinary run of debts, entitled to have his claim for such advances preferred under the receivership as against the rights of the bondholders who are foreclosing their mortgage.

Opinion filed **August 9, 1909.**

---

*Messrs. Herminio Diaz* and *Martin Travieso, Jr.,* attorneys for Fritze, Lundt, & Company, Successors.

---

NOTE.—*Receivers.*—As to priority of claims against property in hands of receiver over recorded liens, see note to First Nat. Bank v. Cook, 2 L.R.A. (N.S.) 1012.

*Mr. Henry F. Ford* attorney for Esperanza Central Sugar Company.

*Mr. F. H. Dexter.* attorney for Williamsburg Trust Company.

*Messrs. Sweet & Wilcox,* attorneys for claimant, J. A. Pietsch.

RODEY, Judge, delivered the following opinion:

A final decree was entered some two months ago in the above consolidated cases, and a sale was had thereunder about a month ago. About a year ago, on May 6, 1908, the claimant, J. A. Pietsch, through his attorneys, Messrs. Sweet, Rossy, & Campillo, filed a motion that he be made a preferred creditor as far as his claim was comprised of money actually advanced with which to pay the laborers of the insolvent concern. Nothing was done save to refer the claim to the receiver, and, at the time that a master was appointed and evidence taken as to the amounts of the several claims due by the insolvent concern, the claimant failed to appear before such master; but, notwithstanding this, the master took evidence regarding the same from the receiver and the books of the insolvent concern, and reported that claimant was a general creditor for the sum of $2,305.85. That report was confirmed by the court. It appears that the company's books show that $980.85 of this sum was advanced to pay certain employees of the concern before it went into the hands of a receiver. About the time of the sale recently had, new counsel for claimant (Judge Wilcox) came in, and moved

Fritze, Lundt, & Co. v. Esperanza Central Sugar Co.

for a rehearing on this claim. The court, finding that it would have a small surplus out of which the amount claimed to be preferred could be paid, if the preference should be established, granted a full hearing in the premises, which was opposed by counsel for the receiver and counsel for the bondholders. This hearing took place on July 10, 1909, after the actual sale of the property.

At the time of this hearing, on this application for a preference, we took the same under advisement and ordered the receiver to make a report on the matter to us, which he did under date of July 23, 1909, as can be seen from the files. We have examined the receiver's report with care. It is too long to set out in this short order, but, on the facts set forth therein, it is manifest that claimant, Pietsch, is not entitled to any preference whatsoever, as the same is not a claim of the character which courts hold are in law entitled to preference, and that it would be, as stated by the receiver, a miscarriage of justice as to the other general creditors to allow the same to him.

Therefore, an order will be entered denying his motion or petition for a preference, and the holding of the master that he is but a general creditor permitted to stand. As the sum realized at the sale was not sufficient to entitle any general creditor to anything in the way of payment, unless the few dollars now in the registry of the court can be so distributed, the petitioner is therefore, like all other general creditors, excluded.